1

2                    **UNITED STATES DISTRICT COURT**

3                          **DISTRICT OF NEVADA**

4                                   **\* \* \***

5    JESUS GONZALEZ,                          )
                                              )
6                          Plaintiff,         )
                                              )        2:10-cv-01850-RLH-LRL
7    v.                                       )
                                              )        **O R D E R**
8    CITY OF NORTH LAS VEGAS POLICE           )
     DEPARTMENT, et al.,                      )
9                                             )
                                              )
10                         Defendants.        )
     ─────────────────────────────────────   )
11

12           The plaintiff has submitted an Application to Proceed In Forma Pauperis (#1) and a Complaint

13   (#1).   Plaintiff's application to proceed *in forma pauperis* is granted.   Based on the information

     regarding plaintiff's financial status in the application to proceed *in forma pauperis*, plaintiff is required
14
     to pay an initial installment of the filing fee pursuant to 28 U.S.C. §1915.
15
             The grant of *in forma pauperis* status adjusts the amount of the filing fee that plaintiff must
16
     *prepay* -- plaintiff will be required to prepay an initial installment of $14.69, instead of having to prepay
17
     the full $350 filing fee for this action.   The entire $350 filing fee will, however, remain due from
18
     plaintiff, and the institution where plaintiff is incarcerated will collect money toward the payment of the
19
     full filing fee when petitioner's institutional account has a sufficient balance, pursuant to 28 U.S.C.
20
     §1915.   The entire $350 filing fee will remain due and payable, and will be collected from plaintiff's
21
     institutional account regardless of the outcome of this action.
22
     **I. Screening Standard**
23
             Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's
24
     claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state
25
     a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune
26

from such relief." 28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations

2

(*e.g.* fantastic or delusional scenarios).  *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

## II.  Instant Complaint

Plaintiff, who is incarcerated at Clark County Detention Center, has filed a complaint pursuant to 42 U.S.C. § 1983, alleging that North Las Vegas Police Department and four defendant officers, Michael Myers, Brian Sachs, Jason Arnong, and R. Parrish, violated his Fourth and Fourteenth Amendment rights by using  excessive force to search and seize items from his home and to arrest him without probable cause to do so.

### A. *Fourth Amendment Claims*

Plaintiff first alleges that the defendants violated his rights under the Fourth Amendment by searching his home and arresting him without probable cause. As a general matter, the Fourth Amendment protects "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable search and seizure." U.S. Const. Amend. IV. An arrest made without a warrant requires a showing of probable cause. *Gilker v. Baker*, 576 F.2d 245, 246 (9th Cir.2001). An arrest made without probable cause or other justification provides the basis for a claim of unlawful arrest under § 1983 as a violation of the Fourth Amendment. *Dubner v. City of San Francisco*, 266 F.3d 959 (9th Cir.2001).  A warrantless arrest is reasonable where the officer has probable cause to believe a crime has been or is being committed.  *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

Here, plaintiff alleges that the defendants arrested him without a warrant or probable

3

cause. Plaintiff also asserts that the defendants' search of his home and seizure of his personal property violated the Fourth Amendment because defendants lacked probable cause or a warrant to search. Under the Fourth Amendment, with some few specific exceptions, searches and seizures are unreasonable and invalid unless based on probable cause and executed pursuant to a warrant. *Katz v. United States*, 389 U.S. 347, 357 (1967). Accepting plaintiff's allegations as true, plaintiff has adequately alleged a claim for violation of his Fourth Amendment right to be free from unreasonable search and seizure. Plaintiff's pendant state law claim for false imprisonment, based on the same set of facts, also may proceed.

Plaintiff next alleges that the defendants used excessive force in violation of the Fourth Amendment when they used a taser and beat him while detaining him on April 2, 2009. The Fourth Amendment protects the right of the people to be free from "unreasonable searches and seizures." U.S. Const. amend IV. "The 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989) (citation omitted). In assessing reasonableness, the court should consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Blanford v. Sacramento County*, 406 F.3d 1110, 1115 (9th Cir.2005) (citation omitted). "A police officer may not seize an unarmed, nondangerous suspect by shooting him dead," but if "there is probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force." *Tennessee v. Garner*, 471 U.S. 1, 11 (1985).

Plaintiff alleges that defendants Myers, Sachs, Arnong, and Parrish went to his home to arrest him without a warrant or exigent circumstances, to cause unnecessary infliction of pain and false imprisonment. Complaint (#1) at 10. In support of his claim, plaintiff purportedly quotes the following from Myers' police report:

4

Officer Sachs, Parrish and I approached the north door and announced "Chuchy" come to the door.  Gonzalez walked to towards the door to within about a foot of me. He shouted 'Fuck this shit, you need a warrant' and began backing away into the house living room. I lunged forward and took a hold of him by shoulder and collar area.

*Id.*  Myers purportedly deployed the taser and delivered three stuns.  According to plaintiff, Sachs reported that he kneeled down by plaintiff and struck him with a closed fist on his upper back, tricep, and shoulder area about four to five times, and that plaintiff resisted momentarily until he was able to pull plaintiff's hands out.  Accepting plaintiff's allegations as true, he has adequately alleged a claim for use of excessive force in violation of the Fourth Amendment.

### B. *Fourteenth Amendment Claims*

The Fourteenth Amendment prohibits a state from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 2. "[O]nly official conduct that 'shocks the conscience' is cognizable as a due process violation." *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir.2008) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). There are two distinct standards used to prove that conduct "shocks the conscience": (1) the official acted with "deliberate indifference"; or (2) the official acted with a "purpose to harm ... for reasons unrelated to legitimate law enforcement." *Id.*  Plaintiff's Fourteenth Amendment claim is based on the events underlying his Fourth Amendment excessive force claim, *supra*. Plaintiff alleges that the officers came to his home "without search & arrest warrant and exigent circumstances ... in order to cause plaintiff 'unnecessary and wanton infliction of pain....'" Complaint (#1) at 10.  Plaintiff further alleges "their conduct of malicious and sadistic infliction of pain should not be able to escape liability where their conduct clearly shock the conscience of the plaintiff. *Id.*  Accepting plaintiff's allegations as true, plaintiff has adequately alleged a claim for violation of his due process rights under the Fourteenth Amendment.

### C. *Municipal Liability*

A local government may be sued under 42 U.S.C. § 1983 only "where execution of a

5

government's policy or custom ... inflicts the injury" alleged.  *Monell v. Dep't of Social Servcs.*, 436 U.S. 658, 694 (1978).  Plaintiff has not alleged that the North Las Vegas Police Department's custom, policy, pattern or practice caused his injuries.  He states only that it "failed to train its employees adequately which caused plaintiff to [become] intentionally subject to malicious and sadistic behavior" of the officers.  Therefore, the North Las Vegas Police Department shall be dismissed without prejudice as a named defendant in this action, subject to leave to amend.

Accordingly,

**IT IS ORDERED** that plaintiff's application to proceed *in forma pauperis* (docket #1) without having to prepay the full filing fee is **GRANTED**.  Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996.  This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996, the  Clark County Detention Center shall immediately pay to the Clerk of the United States District Court, District of Nevada, the **$14.69** initial installment of the filing fee, if sufficient funds exist in the account of Jesus Gonzalez, **Detainee No. 1698873.**  Thereafter, the Clark County Detention Center shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's (Jesus Gonzalez, Detainee No. 1698873) account (in the months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action.  If plaintiff should be transferred and become under the care of the Nevada Department of Corrections, the CCDC Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that plaintiff has paid toward his filing fee, so that funds may continue to be deducted from plaintiffs account.  **The Clerk shall send a copy of this order to the CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.**

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise

unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996.

**IT IS FURTHER ORDERED** that the Clerk of Court shall detach and **FILE** the complaint. (Docket #1-1).

**IT IS FURTHER ORDERED** that the North Las Vegas Police Department is dismissed without prejudice as a named defendant in this action, subject to leave to amend within thirty (30) days of the entry of this order.

**IT FURTHER IS ORDERED** that, on any such amended complaint filed, plaintiff shall clearly title the amended complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, 2:10-cv-01850-RLH-LRL, above the word "AMENDED" in the space for "Case No." Under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the Court.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue summons for defendants Michael Myers, Brian Sachs, Jason Arnong, and R. Parrish, and deliver same, along with four copies of the complaint, to the U.S. Marshal for service. The Clerk shall send to plaintiff four (4) USM-285 forms, one copy of the complaint and a copy of this order. Plaintiff shall have twenty (20) days in which to furnish to the U.S. Marshal the required Forms USM-285. Within twenty (20) days after receiving from the U.S. Marshal a copy of the Form USM-285 showing whether service has been accomplished, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any. If plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants, or, if an appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants. If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The court may disregard any paper received by a district judge or a magistrate judge that has not been filed with the Clerk, and any paper which fails to include a certificate showing proper service.

DATED this 12th day of May, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**