UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JESUS GONZALEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:10-cv-01850-RLH -LRL |
| v. ) | |
| ) | **O R D E R** |
| CITY OF NORTH LAS VEGAS POLICE ) | |
| DEPARTMENT, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the court is plaintiff Jesus Gonzalez' Opposition[1] To Dismiss "The City of North Las Vegas and Its Police Department." (#6). Defendants did not file an Opposition/Response.

Plaintiff filed his motion/application (#1) to proceed *in forma pauperis* on October 21, 2010, and attached his civil rights complaint (#1-1) against The City of North Las Vegas Police Department (hereinafter "NLVPD"), Michael Myers, Brian Sachs, Jason Arnong, and R. Parrish thereto. In the court's screening order entered on May 12, 2011, it granted plaintiff's motion to proceed *in forma pauperis* and dismissed defendant NLVPD without prejudice. (#3). Specifically, the court held that since plaintiff had not alleged that the NLVPD's "custom, policy, pattern or practice caused his injuries," his claim against NLVPD could not survive. *Id.* (citing *Monell v. Dep't of Social Servcs.*, 436 U.S. 658, 694 (1978)(holding that a local government may be sued under 42 U.S.C. § 1983 only "where execution of a government's policy or custom ... inflicts the injury" alleged.)). The court informed plaintiff that if he wished to amend his complaint with regards to NLVPD, he could do so within thirty (30) days from the date of the order, and that "on any such amended complaint filed, [he] shall clearly

---

[1] After considering the contents of plaintiff's document, the clerk docketed the entry as a "Motion For Magistrate Judge to Reconsider (3) Order."

title the amended complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption." *Id.* Further, the court ordered that pursuant to Local Rule 15-1, any amended complaint "must be complete in itself without reference to prior filings," and that "any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the [c]ourt." *Id.*

On June 9, 2011, the plaintiff filed the present "Opposition To Dismiss," asserting that the NLVPD cannot "escape liability" and should be responsible for the actions of its employees. (#6). Specifically, plaintiff argues that NLVPD should be named as a defendant in this case because it "trained" its offers, and those officers were acting "in accordance with [NLVPD] [p]olicy and [p]rocedure" when they violated his Constitutional rights. (#6). Thus, as plaintiff is attempting to provide support for his claim against the NLVPD by demonstrating that the department's custom, policy, pattern or practice caused his injuries, the court views this as his amended complaint.

In this light, plaintiff has failed to abide by the court's order (#3), as he did not title this document "AMENDED" or include his remaining claims pertaining to the other defendants. See *Jacobsen v. Filler,* 790 F.2d 1362, 1364-65 (9th Cir. 1986)(holding that *pro se* parties are not excused from following the rules and orders of the court). However, as *pro se* plaintiffs are held to a less stringent standard than those who are represented by counsel, the court will extend the time for plaintiff to file his amended complaint until November 16, 2011. See *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 584 (1972). Plaintiff's failure to follow the court's order and to file his amended complaint in the proper manner will result in the court dismissing defendant NLVPD with prejudice.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff Jesus Gonzalez' Opposition To Dismiss "The City of North Las Vegas and Its Police Department" (#6) is denied.

IT IS FURTHER ORDERED that plaintiff shall file his amended complaint on or before November 16, 2011. On any such amended complaint filed, plaintiff shall clearly title the amended

complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, 2:10-cv-01850-RLH-LRL, above the word "AMENDED" in the space for "Case No." Under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the court.

DATED this 14th day of October, 2011.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

3