**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JESUS GONZALEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:10-cv-01850-RLH -LRL |
| v. ) | |
| ) | **O R D E R** |
| CITY OF NORTH LAS VEGAS POLICE ) | |
| DEPARTMENT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

Before the court is *pro se* plaintiff Jesus Gonzalez' Motion For Magistrate Judge To Reconsider Dismissing North Las Vegas Police Department (hereinafter "NLVPD") As A Defendant. (#21).

After plaintiff submitted an "Opposition To Dismiss The City of North Las Vegas and Its Police Department" (#6), which the court treated as an insufficient amended complaint, on October 14, 2011, the court ordered plaintiff to file a supplemental amended complaint that met certain requirements. (#17). Specifically, plaintiff was to amend his complaint to allege that the NLVPD's "custom, policy, pattern or practice caused his injuries." *Id.* The court ordered that the amended complaint must (1) be filed on or before November 16, 2011, (2) contain the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall contain the docket number, 2:10-cv-01850-RLH-LRL, above the word "AMENDED" in the space for "Case No.," and (3) be complete in itself without reference to prior filings. *Id.* The court held that "any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the court." *Id.*

Plaintiff partially complied with the court's order. On November 15, 2011, plaintiff filed a document titled "AMENDED Civil Rights Complaint," which contained the word "AMENDED" above the case number. (#21). The body of the document, however, is *not* an amended complaint. *Id.* Rather,

it is similar to plaintiff's previously filed insufficient "Amended Civil Rights Complaint" (#6), which contained arguments regarding NLVPD, but did not meet the requirements of a complaint. *Id.* It is clear to the court that the plaintiff was treating this filing as a motion, by the fact that he wrote "Motion For Magistrate Judge To Reconsider Dismissing North Las Vegas Police Department As A Defendant" in quotation marks above the body of the document. *Id.*

In plaintiff's "AMENDED Civil Rights Complaint" (#21), plaintiff does not utilize the civil rights complaint form, does not assert claims against the individually named defendants, and does not allege claims for relief. In preparing plaintiff's original complaint (#4), however, he appropriately used the blank civil rights complaint form, supported his jurisdictional allegation, named six defendants (including the individually named defendants and NLVPD), outlined the nature of the case, and alleged and supported four claims for relief. Therefore, the court finds that plaintiff is capable of preparing a complaint, and believes that it was not plaintiff's intention to forfeit his allegations against the individual officers or the claims/allegations related thereto. Thus, the court will permit the plaintiff to re-file his amended complaint. See *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 584 (1972)(holding that *pro se* plaintiffs are held to a less stringent standard than those who are represented by counsel.). If the amended complaint does not contain all of the requirements outlined by the court below, the court may dismiss claims, defendants, and/or the entire complaint. See *Jacobsen v. Filler,* 790 F.2d 1362, 1364-65 (9th Cir. 1986)(holding that *pro se* parties are not excused from following the rules and orders of the court).

The plaintiff shall prepare his amended complaint on a blank civil rights complaint form identical to the one he used in filing his first complaint (#4). The amended complaint shall have the same markings as previously ordered by the court: it must contain the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall contain the docket number, 2:10-cv-01850-RLH-LRL, above the word "AMENDED" in the space for "Case No." The document shall not contain the word "Motion" anywhere, and shall be filed as "Plaintiff's First Amended

2

Complaint." The amended complaint shall include *all* the parties, allegations, and claims for relief that were contained in the original complaint (#4) if plaintiff wishes to still assert them. The court must stress that it will dismiss any claims or parties not contained in the amended complaint. If plaintiff desires NLVPD to be a party in this action, plaintiff should no longer *argue* in the amended complaint as to *why* NLVPD should be a party. Rather, NLVPD shall be a named defendant, and within the body of the complaint, plaintiff shall support his allegation that the NLVPD's "custom, policy, pattern or practice caused his injuries."

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff Jesus Gonzalez' Motion For Magistrate Judge To Reconsider Dismissing North Las Vegas Police Department As A Defendant (#21) is DENIED. Plaintiff shall have thirty (30) days from the entry of this order to file his Amended Civil Rights Complaint as outlined above.

DATED this 12th day of December, 2011.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

3