UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JESUS GONZALEZ, | Case No.: 2:10-cv-01850-RLH-VCF |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Summary Judgment–#25) |
| MICHAEL MYERS, BRIAN SACHS, JASON ARNONA, R. PARRISH, | |
| Defendants. | |

Before the Court is Defendants North Las Vegas Police Officers Michael Myers, Brian Sachs, Jason Arnona, and Ryan Parrish' **Motion for Summary Judgment** (#25, filed Feb. 16, 2012). The Court has also considered Defendants Reply (#27, filed Mar. 19), which was in reality a notice of non-opposition. Plaintiff Jesus Gonzalez did not file a response.

**DISCUSSION**

**I.  Standard**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir.1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any

material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288–89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of America*, 285

1  F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of
2  evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.
3  **II.    Analysis**
4        A district court cannot rely on its local rules as a basis for granting summary
5  judgment. *Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003). Several Ninth Circuit
6  decisions have made clear that a nonmoving party's failure to comply with local rules does not
7  excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to
8  judgment as a matter of law. *Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003).
9  Otherwise, the court turns the summary judgment rule into a mere sanction for noncompliance
10 with local rules. *Id.*; *see also Henry v. Gill Industries, Inc.*, 983 F.2d 943, 949–50 (9th Cir. 1993)
11 (quoting *Hamilton v. Keystone Tankship Corp.*, 539 F.2d 684, 686 n. 1 (9th Cir. 1976)).
12       Thus, even though Gonzalez failed to oppose Defendants' motion for summary
13 judgment, the Court examines the motion and the evidence presented by the Defendants to
14 determine whether Defendants have met their burden to show that the evidence demonstrates that
15 they are entitled judgment as a matter of law. After a review of Defendants arguments and
16 proffered evidence, the Court finds that Defendants are entitled summary judgment.

17 **CONCLUSION**

18       Accordingly, and for good cause appearing,
19       IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (#25)
20 is GRANTED.
21       Dated: April 9, 2012.

_____
**ROGER L. HUNT**
**United States District Judge**